UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS JAJUAN CHILDREY,

        Petitioner,        Case No. 1:10-cv-1074

v.        Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Michigan Reformatory. He pleaded guilty in the Muskegon County Circuit Court to one count of carrying a concealed weapon, MICH. COMP. LAWS § 750.227; one count of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; one count of resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81d(1); one count of possession of marijuana, second offense, MICH. COMP. LAWS §§ 333.7403(2)(d), 333.7413(2); and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On May 27, 2008, the trial court sentenced Petitioner as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent prison terms of two to ten years for carrying a concealed weapon, one to ten years for felon in possession, one to four years for resisting and obstructing, one to two years for possession of marijuana and two consecutive two-year terms for the felony-firearm convictions. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on July 1, 2009 and November 23, 2009, respectively.

In his application for habeas corpus relief, Petitioner raises the same three claims raised in his direct appeal:

   I.   [PETITIONER'S] CONVICTION ON "RESISTING AND OBSTRUCTING" IS INVALID FOR LACK OF A SUFFICIENT FACTUAL BASIS IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO HAVE EVERY ELEMENT OF THE OFFENSE ESTABLISHED BY A KNOWING AND VOLUNTARY GUILTY PLEA, US CONST. AMS V, XIV; CONST 1963, ART 1, §§17, 20.

   II.  THE [PETITIONER] IS ENTITLED TO RESENTENCING BECAUSE THE COURT DID NOT SCORE ALL OFFENSES IN THIS CASE, AS IS REQUIRED BY STATUTE.

   III. [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE FEDERAL AND STATE CONSTITUTIONS, US CONST AM VI, CONST 1963, ART 1, §

20, WHERE HIS TRIAL ATTORNEY FAILED TO MAKE APPROPRIATE OBJECTIONS TO THE ERRORS IN THIS CASE.

(Pet., 5-7, docket #1.)

**Discussion**

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."). Petitioner does not argue that his guilty plea was unknowing or involuntary. Rather, Petitioner contends that there was an insufficient factual basis for resisting and obstructing a police officer.

The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While Michigan Court Rule 6.302(D) and Federal Rule of Criminal Procedure 11 require that the court establish a factual basis for a plea of guilty or nolo

contendere, under no circumstances is a factual basis required by the Constitution. *See United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc), *overruled on other grounds*, *Custis v. United States*, 511 U.S. 485 (1994); *see also United States v. Timmreck*, 441 U.S. 780, 783 (1979) (a violation of FED. R. CRIM. P. 11 is neither constitutional nor jurisdictional). The state courts are not constitutionally required to establish a factual basis for an otherwise voluntary and intelligent plea. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *McGlocklin*, 8 F.3d at 1047. "*Alford* held that there is no constitutional bar to accepting a guilty plea in the face of an assertion of innocence, so long as a defendant voluntarily, knowingly, and understandingly consents to be sentenced on a charge. This being the rule, there is no constitutional requirement that a trial judge inquire into the factual basis of a plea." *Roddy*, 516 F.2d at 1385. Additionally, a state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). Consequently, the adequacy of the factual basis for Petitioner's guilty plea is not reviewable in habeas corpus.

Petitioner also suggests that there was insufficient evidence to support his conviction for resisting and obstructing a police officer. For a due process challenge to the sufficiency of the evidence, under § 2254(d)(1), a writ of habeas corpus may be granted if the court concludes that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). However, by pleading guilty to that charge, Petitioner waived any right to attack

the sufficiency of the evidence. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Consequently, Petitioner's first ground for habeas corpus relief is non-cognizable or without merit.

In his second ground for habeas corpus relief, Petitioner contends that he is entitled to resentencing because the trial court scored only the highest offense in violation of MICH. COMP. LAWS § 777.21(2). The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62 (1991). Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). Accordingly, Petitioner fails to raise a cognizable claim for habeas corpus review.

In Ground III, Petitioner claims that his trial counsel was ineffective for failing to object to the errors presented in Grounds I and II. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

With regard to Petitioner's claim regarding the factual basis for his plea to resisting and obstructing a police officer, the following excerpt from the plea transcript was provided in Petitioner's application for leave to appeal before the Michigan Supreme Court (Page ID#24-25):

| | | |
|---|---|---|
| The Court: | But on this day, back in March, you had the pistol in your pocket? | |
| The Defendant: | Yes. | |
| The Court: | Did you know it was there? | |
| The Defendant: | Yes. | |
| The Court: | Did the officer then order you to do something? | |
| The Defendant: | No. | |
| The Court: | Did you see the officer and then start running? | |
| The Defendant: | No, not right then. He asked me some questions, and then he cut me off, and I ran. | |

The elements of resisting and obstructing an officer are (1) that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know the officer was performing his duties. *People v. Ventura*, 686 N.W.2d 748, 750 (Mich. Ct. App. 2004). Petitioner contends that the conduct admitted to on the record does not meet the definition of proscribed activity under the statute because he did not admit to disobeying a direct order from the officer; rather, he admitted only to fleeing from the officer while the officer was asking him questions. However, in *People v. Pohl*, 523 N.W.2d 634, 635 (Mich. Ct. App. 1994), the Michigan Court of Appeals held that pre-arrest flight that actively interferes with a police officer's investigation, will support a conviction of resisting and obstructing. Petitioner's flight while the officer was questioning him clearly interfered with the officer's investigation, which is police function covered by the resisting and obstructing statute. *Id.* Because Petitioner's admitted conduct satisfied the elements of the offense, an objection by trial counsel would have been futile.

Counsel's failure to make a futile or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004).

Petitioner also contends that his trial counsel was ineffective for failing to object when the trial court scored only the highest offense in violation of Michigan law. Petitioner does not allege how he was prejudiced by the trial court's alleged error. He was sentenced to two to ten years for the CCW conviction, his highest offense. Petitioner does not dispute his sentence for that offense. All of Petitioner's other sentences are being served concurrently with his CCW conviction, with the exception of his two felony-firearm convictions, which each carry a mandatory, consecutive two-year term. Petitioner does not allege that he would have received a lesser sentence had the trial court scored each offense separately. Accordingly, Petitioner's claims of ineffective assistance of counsel must fail.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 29, 2010        /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge